**UNITED STATES OF AMERICA**
**NATIONAL CREDIT UNION ADMINISTRATION**
**NATIONAL CREDIT UNION ADMINISTRATION BOARD**

---

In the Matter of

BRIAN SOCHA,

Order No. 25-0030-ER

Former Institution-Affiliated Party of
MassMutual Federal Credit Union
Springfield, Massachusetts

---

# CONSENT PROHIBITION ORDER

WHEREAS, the National Credit Union Administration Board ("NCUAB") finds that grounds exist to initiate administrative prohibition proceedings against Brian Socha ("Respondent") pursuant to U.S.C. § 1786(g), predicated on Respondent's activities while serving as an employee of MassMutual Federal Credit Union ("MassMutual FCU").

WHEREAS, in the interest of cooperation and to avoid the costs associated with future administrative and judicial proceedings with respect to the above matter, Respondent, without admitting or denying any wrongdoing, desires to consent to the issuance of this Consent Order ("Order") issued pursuant to 12 U.S.C. § 1786(g);

NOW, THEREFORE, it is stipulated by and between the NCUAB, through its duly authorized representative, and Respondent that:

**ARTICLE I**

**JURISDICTION**

(1) Pursuant to its authority under 12 U.S.C. § 1786, the NCUAB is the appropriate Federal agency to maintain an administrative action against an "institution-affiliated party," as defined in 12 U.S.C. § 1786(r).

(2) Respondent was an employee of MassMutual FCU and was an "institution-affiliated party" of MassMutual FCU as that term is defined in 12 U.S.C. § 1786(r), having served in such capacity within six (6) years from the date of this Order. *See* 12 U.S.C. § 1786(k)(3).

**ARTICLE II**

**NCUAB'S FINDINGS**

The NCUAB finds, and Respondent neither admits nor denies, the following:

(1) From February 2018 through November 2023, Respondent was employed as a loan officer with MassMutual FCU.

(2) During that time period, Respondent fraudulently accessed credit union systems twenty times to manipulate the credit limit and interest rate of his personal HELOC.

(3) In November 2023, MassMutual FCU ended Respondent's employment. Subsequently, MassMutual FCU's investigation determined Respondent's misconduct totaled to more than $900,000 in losses to the credit union and/or its members.

(4) By reason of the foregoing conduct, Respondent breached his fiduciary duties to MassMutual FCU and its members and engaged in unsafe or unsound practices; Respondent's conduct either prejudiced or could have prejudiced the interests of MassMutual FCU's members

and provided a gain or other benefit to himself; and Respondent's conduct demonstrated personal dishonesty and/or unfitness to participate in conducting the affairs of a credit union.

## ARTICLE III

## ORDER OF PROHIBITION

Respondent consents to, and it is ORDERED that:

(1) Pursuant to 12 U.S.C. § 1786(g)(5), with respect to the institutions and agencies set forth in paragraph (2) of this Article, Respondent hereby agrees that he shall not:

(a) participate in any manner in the conduct of their affairs;

(b) solicit, procure, transfer, attempt to transfer, vote, or attempt to vote any proxy, consent, or authorization with respect to any voting rights;

(c) violate any voting agreement previously approved by the "appropriate Federal banking agency," as defined in 12 U.S.C. § 1813(q); or

(d) vote for a director, or serve or act as an "institution-affiliated party," as defined in 12 U.S.C. § 1786(r).

(2) The prohibitions in paragraph (1) of this Article, pursuant to 12 U.S.C. § 1786(g)(7)(A), apply to the following institutions and agencies:

(a) any insured depository institution;

(b) any institution treated as an insured bank under 12 U.S.C. § 1818(b)(3), (b)(4) or (b)(5);

(c) any insured credit union under the Federal Credit Union Act;

(d) any institution chartered under the Farm Credit Act of 1971;

(e) any appropriate Federal depository institution regulatory agency; and

(f) the Federal Housing Finance Agency and any Federal home loan bank.

(3) Pursuant to 12 U.S.C. § 1786(g)(7)(B), the prohibitions of paragraphs (1) and (2) of this Article shall cease to apply with respect to a particular institution if Respondent obtains the prior written consent of both the NCUAB and the institution's "appropriate Federal financial institution's regulatory agency," as defined in 12 U.S.C. § 1786(g)(7)(D).

(4) This Order shall be enforceable to the same extent and in the same manner as an effective and outstanding order that has been issued and has become final pursuant to 12 U.S.C. § 1786.

**ARTICLE IV**

**CLOSING**

(1) By executing this Order, Respondent waives:

(a) the right to a Notice of Intention to Prohibit Further Participation under 12 U.S.C. § 1786(g);

(b) all rights to a hearing and a final agency decision pursuant to 12 U.S.C. § 1786(g), and 12 C.F.R. Part 747;

(c) all rights to seek judicial review of this Order;

(d) all rights in any way to contest the validity of this Order; and

(e) any and all claims for fees, costs, or expenses against the United States, the NCUAB, or any officer, employee, or agent of the NCUAB, related in any way to this enforcement matter or this Order, whether arising under common law or under the terms of any statute, including, but not limited to, the Equal Access to Justice Act, 5 U.S.C. § 504 and 28 U.S.C. §2412.

(2) Respondent shall not cause, participate in, or authorize MassMutual FCU or its successors to incur, directly or indirectly, any expense relative to the negotiation and issuance of this Order except as permitted by 12 C.F.R. § 750.5 and Part 701. In addition, Respondent shall not, directly or indirectly, obtain or accept any indemnification (or other reimbursement) from MassMutual FCU (or any subsidiary or affiliate of MassMutual FCU) with respect to such

amounts except as permitted by 12 C.F.R. § 750.5 and Part 701; provided, however, Respondent may not obtain or accept such indemnification with respect to any civil money penalty.

(3) Respondent acknowledges that he has read and understands the premises and obligations of this Order and declares that no separate promise or inducement of any kind has been made by the NCUAB or any officer, employee, or agent of the NCUAB to cause or induce Respondent to agree to consent to the issuance of this Order and/or to execute this Order.

(4) This Order constitutes a settlement of any proceedings arising out of the facts, omissions, or violations described in the NCUAB's Findings (Article II of this Order). The NCUAB agrees not to institute the proceedings referenced in the first whereas clause of this Order for the specific acts, omissions, or violations described in Article II of this Order unless such acts, omissions, or violations reoccur. However, the specific acts, omissions, or violations described in Article II may be used by the NCUAB in future enforcement actions to establish a pattern of misconduct or the continuation of a pattern of misconduct.

(5) This Order shall not be construed as an adjudication on the merits and, except as set forth in paragraph (4) of this Article, shall not inhibit, estop, bar, or otherwise prevent the NCUAB from taking any action affecting Respondent if, at any time, the NCUAB deems it appropriate to do so to fulfill the responsibilities placed upon the NCUAB by the several laws of the United States.

(6) Nothing in this Order shall preclude any proceedings brought by the NCUAB to enforce the terms of this Order, and nothing in this Order constitutes, nor shall Respondent contend that it constitutes, a waiver of any right, power, or authority of any other representatives of the United States or agencies thereof, including *inter alia* the Department of Justice, to bring other actions deemed appropriate.

(7) This Order is intended to be, and shall be construed to be, a final order issued pursuant to 12 U.S.C. § 1786, and expressly does not form, and may not be construed to form, a contract binding on the United States, the NCUAB, or any officer, employee, or agent of the NCUAB. Respondent expressly acknowledges that no officer, employee, or agent of the NCUAB has statutory or other authority to bind the United States, the NCUAB, or any other federal bank regulatory agency or entity, or any officer, employee, or agent of those entities, to a contract affecting the NCUAB's exercise of its supervisory responsibilities.

(8) This Order is "issued with the consent of the institution-affiliated party concerned," pursuant to 12 U.S.C. § 1786(j)(2).

(9) The terms of this Order, including this paragraph, are not subject to amendment or modification by any extraneous expression, prior agreements, or prior arrangements between the parties, whether oral or written.

(10) The provisions of this Order are effective upon issuance by the NCUAB, through its duly authorized representative, whose hand appears below, and shall remain effective and enforceable, except to the extent that, and until such time as, any provisions of this Order shall have been amended, suspended, waived, or terminated in writing by the NCUAB, through its duly authorized representative.

WHEREFORE, in consideration of the foregoing, Brian Socha and the National Credit Union Administration Board hereby execute this Consent Prohibition Order. This Order is comprised of seven (7) pages, including the signature page, and is effective on the date of its issuance.

Brian Socha
Respondent

15 July 2025
Date

**IT IS SO ORDERED.**

**NATIONAL CREDIT UNION ADMINISTRATION BOARD**

JOHN KUTCHEY

Digitally signed by JOHN KUTCHEY
Date: 2025.07.23 11:21:50 -04'00'

John Kutchey
Regional Director
Eastern Region

Date