June 30, 2026

Brian Socha
12 Skyview Drive
Ware, MA 01082

The Honorable Judge Mark G. Mastroianni
U. S. District Court
30 State Street, Suite 120
Springfield, MA 01105

Judge Mastroianni:

My name is Brian Socha, BOP Register # 03623-512. I am currently housed in the Satellite Camp at FMC Devens where I am serving an 18-month sentence for the crime of Bank fraud under docket #3:25-CR-30038-MGM-1. I am writing to you to formally request your support for a compassionate release under 18 U.S.C. 358 ( c)(1)(A), or a change in sentence to home confinement. Prior to this request, I had written to F. J. Bowers, the Warden at FMC Devens. That request was sent on 27 May 2026 and was received by him on 28 May 2026. As of today, 30 June 2026, I have not received a decision from him. It is my understanding that if I have not heard from him after 30 days, that I am able to resubmit the request to the sentencing judge in my case. I understand that compassionate release is an extraordinary remedy and it is not granted lightly. I am not writing because I feel that I deserve special treatment, rather, I believe that my current situation involves a genuine combination of circumstances that, taken together, warrant your consideration.

As you may recall, prior to my sentencing, I was employed at the USPS as an RCA (Rural Carrier Assistant) for just over two years. Although this position was part-time, I now have the opportunity to transfer into a full-time, benefited position as the carrier for whom I cover for has retired as of 26 June 2026. While I have told my Postmaster that it is my desire to fill this position, the opportunity would be lost if I am unable to return to work in the near future. This opportunity is something that I have been working for since starting at the Post Office in December 2023 and is not something that regularly comes up. Additionally, prior to my incarceration, I had also been working at Otto Florist and Gifts, DBA Floral Elegance of New England as a manager and head designer. The owner heavily relied on me to keep her business open and successfully operating as she had and continues to deal with several severe health issues which show no signs of subsiding. At the time of my self-surrender, she was facing the possibility of several more procedures. The longer that I am imprisoned, the more difficult it is for her to keep the business operating and the greater the chance that the business will in fact close. If it were to close, it would mean an additional loss of income for me. I've provided a letter from her, Michele Lariviere, confirming these statements. Unfortunately, because of USPS Labor protocols, I am unable to have a letter confirming the details given regarding the Post Office.

If I am not released soon, I will most likely walk out of prison without employment. I strongly believe that having employment waiting for me is one of the best things that I can offer as evidence that I will not reoffend and will not be a burden to anyone. I want to work. I want to support myself. I want to pay back the restitution that I owe. Losing these employment opportunities makes all of that more difficult, not easier.

In regards to restitution, I was ordered to pay $902,541.15. I take that obligation seriously. The people that I owe deserve to be paid and I intend to pay them, however, I cannot do that in a meaningful way while I am incarcerated. The moment that I can begin working again, I am committed to begin making regular payments. Release is not relieving me of my obligations, rather it is the only way in which I can actually fulfill them.

When released, I will be living with my parents, Sylvester and Susan Socha at 12 Skyview Drive, Ware, MA. I will have stable housing and will be surrounded by family and friends who care about me and support my well-being. I will also be able to continue with the therapy that I had been participating in bi-monthly prior to my surrender. This therapy has helped me to realize and work on remediating the depression which was a major contributing factor in the crime which I committed. I have no intention of doing anything that will bring me back to where I am now. In addition, I would be able to get back to the volunteer work that I had been doing in my community. These volunteer efforts had become an additional source of support for me and have allowed me to begin making a positive impact on my community.

At the time of my sentencing, you and the prosecutor agreed that I presented almost a zero risk of recidivism. I did not take that lightly and I have tried to prove it everyday since. I mention it not to minimize my offence but I strongly believe that it is relevant to whether continued incarceration serves any protective purpose. Several other factors stand out to me from my sentencing day. The first was your mention regarding the number of character/support letters that I submitted. I believe that you stated that it was considerably more than you would normally receive for a similar case. While the prosecutor indicated that she believed some of these could have been written because of my generosity towards the authors, that statement is categorically false. These are people who truly care about me, my well-being and my future. (I have not included copies of these letters at this time because I believe that they should still be in the file relating to my case.) To my knowledge, there is no proof to substantiate her claim and I believe it was said in an effort to taint my character. The second fact that stood out to me was your oral deliberation as to what my sentence should be. During this process you seemed to vacillate as to what should be done with me. Ultimately you decided that it would be unfair to those that had been sentenced prior to my appearance before you if I was not given some amount of incarceration. I fully understand that I have committed a crime and accept that there needs to be a consequence despite the sorrow that I possess for my actions. Over the past months I have continued to reflect on my sentencing, trying to think if there was a way that I could have better shown you my

character and contrition. I hope that this request will allow you to re-examine the person that I am and to set myself apart from the other defendants that have appeared before you with similar cases.

In regard to my time of being incarcerated, I have tried to make the most of my time here, often reflecting on what brought me to this point and how it will change me once I'm released. I have not been a discipline problem and have respected the staff and my fellow inmates while trying to conduct myself in a manner that I can be proud of. I am working in the landscape department and my work has been recognized by my immediate supervisor and the CO of the department. Daily I have reflected on what brought me here and the damage and hurt that I caused because of my actions. This experience has taught me more than I could have ever thought possible and has enabled me to look at myself in a poignant way. While at sentencing, I thought that I had grown considerably from where I once was. That growth was almost nothing compared to where I now am based on the past few months. I am entirely a new person who is much more focused and resolved to make amends and to better myself and my life.

I've made a mistake and I am remorseful for it; I will be for the remainder of my life and will continually strive to right the wrong. I am asking for a chance to go home, to go to work and to pay what I owe. I do not want to waste the opportunities available to me at the current time because I believe that I can offer substantially more to my community than what my current incarceration provides. I appreciate your review and consideration of this matter.

Respectfully,

Brian Socha

Enclosure: Employment Letter from Michele Lariviere