**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | Criminal No. 25-30038-MGM |
| | ) | |
| v. | ) | |
| | ) | |
| BRIAN SOCHA, | ) | |
| | ) | |
| Defendant. | ) | |

**GOVERNMENT'S OPPOSITION TO DEFENDANT'S MOTION FOR**
**COMPASSIONATE RELEASE UNDER 18 U.S.C. § 3582(c)(1)(A) (D.21)**

Defendant Brian Socha ("Socha" or the "defendant") seeks compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i).  His motion should be denied.  This Court may only reduce a sentence pursuant to Section 3582(c)(1)(A) if "after considering the factors set forth in section 3553(a) to the extent that they are applicable," the Court finds that either "extraordinary and compelling reasons warrant such a reduction," *or* the defendant is at least 70 years old and has served at least 30 years in prison, and the defendant is not a danger to the safety of any other person or to the community, and the reduction is consistent with applicable policy statements issued by the Sentencing Commission.  *See* U.S.S.G § 1B1.13 (Policy Statement).

Here, there are no extraordinary or compelling reasons that support the defendant's release, the § 3553(a) factors do not support any reduction in his sentence, and the defendant is only 47 years old and has served only three months of his eighteen-month prison sentence.

1.  <u>Factual and procedural background</u>

For approximately five years, Socha stole thousands of dollars at a time by posing as his coworkers and supervisors so that he could lower his own HELOC to below market rates and increase the amount he could borrow from his employer. At various times, Socha pretended to be a variety of different MassMutual Federal Credit Union ("MassMutual") employees in order to

enter and manipulate the MassMutual computer system. By abusing his position as a loan officer in a small community credit union, Socha successfully preyed on the trust of his employer (and colleagues) to the tune of almost one million dollars. When Socha knew he had been caught and his HELOC frozen, he confessed his fraud to his employer. Presentence Investigation Report dated February 18, 2026 ("PSR"), ¶¶ 10-36.

On August 20, 2025, the defendant pleaded guilty, pursuant to a written Plea Agreement to an Information charging one count of Bank Fraud (18 U.S.C. § 1344) D.1, 2.

On February 25, 2026, despite the Government's request for a twenty-four-month sentence, the Court sentenced the defendant to eighteen months of incarceration and two years of supervised release. D.18. The Court also granted the defendant' oral motion for a judicial recommendation that he serve his sentence at Federal Medical Center ("FMC") Devens and that he be allowed to self-surrender. *Id*. Socha was given a self-surrender date of April 28, 2026. *Id*.

On July 6, 2026, the defendant filed the instant motion for compassionate release. D.21 (the "Motion"). The defendant claimed serving out his eighteen-month sentence with the Bureau of Prisons ("BOP") prevents him from accepting a desirable job with the United States Postal Service (USPS); continuing his work as a florist; and this lack of ability to work prevents him from paying restitution. *Id.* at 2. The defendant also states that depression was "a major contributing factor in the crime [he] committed" and that he plans to continue therapy and volunteer work upon his release. *Id.* at 3.

The defendant attached a letter from a non-family member florist dated May 21, 2026 that lists reasons why Socha is indispensable to the running of her flower shop. *Id.* (D.21-1). The defendant did not attach documentation related to his employment offer from the USPS. The defendant also did not attach any records related to his mental health condition.

2

Upon receipt of Socha's motion, the government reached out to FMC Devens to verify: (1) whether twenty-nine days into his sentence, Socha wrote to the warden at that facility, (2) whether Socha has any disciplinary record, and (3) Socha's job performance at the facility. The government also reached out to USPS to clarify whether Socha has indeed been awarded the full-time position mentioned in Socha's letter.

On July 22, 2026, the Human Resources Department of USPS reported the following:

"Mr. Brian Socha has not been promised, nor can he be promised, a full-time career postal carrier position. No local postmaster is authorized to make such an offer as all hiring, and promotions are regulated by USPS procedures. Please note that the USPS was not aware of Mr. Socha's conviction for bank fraud in August 2025 and had it been made aware it would not have allowed Mr. Socha to continue working with the US mail as per USPS policies. Currently, Mr. Socha is in the process of being terminated."

On July 24, 2026, FMC Devens reported that there is no documentation that Socha wrote anything to the Warden before July 9, 2026. The Warden would respond to Socha's July 9th request but a response was still being prepared. FMC Devens confirmed that Socha has no disciplinary records on file and that his work supervisor confirms he is a great worker.

The defendant is only 47 years old and has served only three months in prison. PSR at 2 (defendant was born in 1980); D.28 (defendant has only been in prison since April 28, 2026).

2.      The Defendant Does Not Merit Compassionate Release

a.      Legal Standard

A federal district court generally "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c); *see Dillon v. United States*, 560 U.S. 817, 824–25 (2010); *United States v. Mercado-Flores*, 872 F.3d 25, 28 (1st Cir. 2017); *accord United States v. Harvey*, 20 F.4th 71, 75 (1st Cir. 2021); *United States v. Goodwyn*, 596 F.3d 233, 235 (4th Cir. 2010) ("The law closely guards the finality of criminal sentences against judicial change of heart.")(internal quotations omitted).

Section 3582(c) provides three narrow exceptions to this rule, only the first of which the Court needs to assess here.  18 U.S.C. § 3582(c)(1)–(2).  The compassionate release statute, 18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act on December 21, 2018, provides in pertinent part:

(c) Modification of an Imposed Term of Imprisonment.—The court may not modify a term of imprisonment once it has been imposed except that—

(1)  in any case—

(A)  the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—

(i)  extraordinary and compelling reasons warrant such a reduction . . .

and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission . . . .

18 U.S.C. § 3582(c)(1)(A).

The defendant therefore bears the burden of establishing: (1) he has "fully exhausted all administrative rights to appeal"; (2) his reasons are "extraordinary and compelling" within the meaning of the statute; and (3) such a reduction is "consistent with applicable policy statements issued by the Sentencing Commission."  *See* 18 U.S.C. § 3582(c)(1)(A)(i); *United States v. Galiany-Cruz*, No. 22-1196, 2023 WL 6458535, at *1 (1st Cir. June 6, 2023), *cert. denied*, 144 S. Ct. 370 (2023) (movant bears the burden of establishing extraordinary circumstances), *citing United States v. Newton*, 996 F.3d 485, 488 (7th Cir. 2021)).

Further, Title 28, United States Code Section 994(t) provides: "The Commission, in promulgating general policy statements regarding the sentencing modification provisions in section 3582(c)(1)(A) of title 18, shall describe what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples.  Rehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason."  28 U.S.C. § 994(t)

The Sentencing Guidelines policy statement appears at § 1B1.13, and provides that the Court may grant release if "extraordinary and compelling circumstances" exist, "after considering the factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable," and the Court determines that "the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)" and that "the reduction is consistent with this policy statement." *See* § 1B1.13(a), (b).

Notably, prior to November 1, 2023, when recent guideline amendments became effective, courts had substantial latitude to determine what qualified as an "extraordinary and compelling" reason under Section 3582(c)(1)(A)(i).  *See e.g., United States v. Gonzalez*, 68 F.4th 699, 704-05 (1st Cir. 2023).  However, now that the new Sentencing Commission policy has become final, that policy provides guardrails as to how a district court may exercise its discretion in determining what qualifies as "extraordinary and compelling."  *United States v. Ruvalcaba*, 26 F.4th 14, 23–24 (1st Cir. 2022) (noting that once the guidance becomes final, "district courts addressing such motions not only will be bound by the statutory criteria but also will be required to ensure that their determinations of extraordinary and compelling reasons are consistent with that guidance"); *United States v. Saccoccia*, 10 F.4th 1, 7 (1st Cir. 2021)(the "Sentencing Commission's policy guidance [is] binding upon courts mulling sentence-reduction motions").

In Application Note 1 to the policy statement, the Commission identifies the "extraordinary and compelling reasons" that may justify compassionate release. The note provides, in pertinent part[1], as follows:

> (b) Extraordinary and Compelling Reasons.— Extraordinary and compelling reasons exist under any of the following circumstances or a combination thereof:
>
> (1)    Medical Circumstances of the Defendant.—
>
> A. The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end-of-life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.
>
> B. The defendant is—
>
> > (i)    suffering from a serious physical or medical condition,
> >
> > (ii)    suffering from a serious functional or cognitive impairment, or
> >
> > (iii)    experiencing deteriorating physical or mental health because of the aging process,
> >
> > that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.
>
> C. The defendant is suffering from a medical condition that requires long-term or specialized medical care that is not being provided and without which the defendant is at risk of serious deterioration in health or death.
>
> (2)    Age of the Defendant.—The defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10

---

[1] Defendant makes no allegations that he is a victim of abuse, nor does he cite family circumstances or the imposition of an "unusually long sentence" or changes in the law, and as such those sections of the policy statement, subsections (3), (4), and (6) are omitted.

years or 75 percent of his or her term of imprisonment, whichever is less.

(5)    Other Reasons.—The defendant presents any other circumstances or combination of circumstances that, when considered by themselves or together with any of the reasons described in paragraphs (1) through (4) are similar in gravity to those described in paragraphs (1) through (4).

In general, the defendant has the burden to show circumstances meeting the test for compassionate release. *See, e.g.*, *United States v. Neal*, 2020 WL 5993290, at *4 (E.D. Pa. Oct. 9, 2020) (Gallagher, J.); *United States v. Adeyemi*, 2020 WL 3642478, at *16 (E.D. Pa. July 6, 2020) (Kearney, J.). As the terminology in the statute makes clear, compassionate release is "rare" and "extraordinary." *United States v. Willis*, 382 F. Supp. 3d 1185, 1188 (D.N.M. 2019) (Johnson, J.) (citations omitted).

### a. Even if the Defendant Had Exhausted His Administrative Remedies, He Cannot Establish Extraordinary and Compelling Circumstances Exist

Even if the defendant had exhausted his administrative remedies,[2] his motion should be denied for the separate reason that he cannot establish "extraordinary and compelling circumstances" that would justify reducing his sentence under 18 U.S.C. § 3582(c)(1)(A)(i).

The defendant's Motion cited a general struggle with depression.[3]  D.21 at 2.

According to the Cleveland Clinic:

> Depression is a common mental health condition that affects how you feel, think and function each day. It can cause ongoing sadness, low energy and loss of interest in things you once enjoyed. With the right treatment, including therapy or medication, many people start to feel better.…

---

[2] Defendant's Motion indicates that Socha wrote to the warden at FMC Devens to request early release during the first month of his sentence. It appears Socha may have been mistaken about his timing (according to FMC Devens, Socha did not write to the Warden until July 9th, 2026).

[3] Where Socha is also mistaken about his job prospects (according to USPS) and where his desire to seek outside employment is largely for rehabilitative purposes, the government addresses only his mental health argument.

**What Is Depression?**

…It's normal to feel sad or have a low mood after difficult life events, like losing a job or a breakup. But depression is different. It lasts most of the day, nearly every day, for at least two weeks. It affects how you function. And it can lead to serious complications, like suicidal thoughts and behavior.

About 3 in 10 adults receive this diagnosis at some point in their lives. But the true number may be higher. Many people don't seek medical help for their symptoms and may not get diagnosed.

Depression is treatable with therapy, medication or both. A mental health provider can help you feel better.

https://my.clevelandclinic.org/health/diseases/9290-depression (emphasis in original).

The defendant's relatively routine complaints, including depression, are insufficient to support the defendant's release under sections (b)(1)(A), (B) or (C) of the Application Note. *See e.g.*, *United States v. Holley*, 2021 WL 2320394, at *5–6 (N.D. Ala. June 7, 2021) (noting ordinary ailments do not justify relief; his "conditions, while numerous, are generally benign, stable, well-managed, and do not cause a major adverse effect on his quality of life"); *United States v. Bailey*, 2020 WL 3883659 (W.D.N.C. July 9, 2020) (common issues without deteriorating health (inmate has high blood pressure, high cholesterol, and atrial fibrillation) are not sufficient).

Further, there is no indication that treatment for depression is not available at FMC Devens (where the defendant is currently serving his sentence).

Moreover, the defendant is only 47 years old and has served only three months of his eight-month prison sentence, and his age alone is not determinative under section (b)(2) because he provides no evidence that he is "experiencing a serious deterioration in physical or mental health because of the aging process." U.S.S.G. §1B1.13(b)(2).

### b. The § 3553(a) Factors Do Not Support a Reduction in Sentence

Even if the defendant could set forth extraordinary and compelling circumstances, the

Section 3553(a) factors unequivocally do not support his release or a reduction in sentence. *See United States v. Canales-Ramos*, 19 F.4th 561, 569 n.5 (1st Cir. 2021) (district court's supportable determination that the section 3553(a) factors weigh against the granting of compassionate release constitutes an independently sufficient basis to uphold a denial of such relief).

Here, the defendant's crime involved the receipt of $900,00 in stolen funds; he faced an advisory sentencing Guidelines range of 27 to 33 months; and this Court sentenced him to only eighteen months primarily because of his early acceptance of responsibility and his strong demonstration of family/community support through letters presented at sentencing (PSR at 84; D.94 at 2-4). Now, only fifteen months remain on his short sentence.

Thus, the relatively short sentence that the Court originally imposed upon the defendant remains sufficient but not greater than necessary to accomplish the Section 3553(a) sentencing objectives. He should not be released early.

## CONCLUSION

For all the reasons set forth above, the defendant's motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A) should be denied.

Respectfully submitted,

LEAH B. FOLEY
Acting United States Attorney


By:   */s/ Caroline Merck*
Caroline Merck
Assistant U.S. Attorney
Caroline.merck@usdoj.gov


Date: July 28, 2026

## CERTIFICATE OF SERVICE

9

I hereby certify that this document will be filed by ECF with notice to all counsel of record.

/s/ Caroline Merck
Caroline Merck
Assistant United States Attorney


Date:   July 28, 2026