Brian Socha #03623-512
FMC Devens
Federal Medical Center
Satellite Camp
P. O. Box 879
Ayer, MA 01432

AUG 10 AM 10:53

August 10, 2026

United States District Court
Judge Mark G. Mastroianni
c/o Office of the Clerk
United States Courthouse
300 State Street, Suite 120
Springfield, MA 01105-2919

RE: Case #3:25-CR-30038-MGM
Amendment: Sentence Modification – Home Confinement

Judge Mark Mastroianni:

My name is Brian Socha and I am writing to you from the Satellite Camp at FMC Devens where I am serving an 18-month sentence for bank fraud. I am writing to formally request your support for a modification of sentencing from incarceration to home confinement. I had previously written the Warden at Devens and you requesting a compassionate release with the assumption that such a request would change my sentence to home confinement. As I have stated prior, I understand that a modification would be an extraordinary remedy and do not feel that I deserve special treatment. I am not trying to escape my punishment, rather, to have the punishment modified based on circumstances that I feel would enable me to be a more productive part of society, begin to repayment of restitution and continue rehabilitation in a much more meaningful way.

Prior to my incarceration, I was employed at the USPS as an RCA (Rural Carrier Assistant) for just over two years. Although this was a part-time position, I have now successfully bid for a full-time, career position that became available when the carrier whom I covered for retired. These opportunities do not come up all that often and I feel fortunate to have been able to obtain this position. My start date for this was 8 August 2026, and while the position is likely to be held for a short period of time, I am unsure how long that is going to be. I've included the details of this

new position for your review and verification. Additionally, prior to my incarceration, I had also been working at Otto Florist and Gifts, DBA Floral Elegance of New England as a manager and head designer. The owner heavily relied on me to keep her business open and successfully operating as she had and continues to deal with several severe health issues which show no signs of subsiding. At the time of my self-surrender, she was facing the possibility of several more procedures. The longer that I am imprisoned, the more difficult it is for her to keep the business operating and the greater the chance that the business will in fact close. If it were to close, it would mean an additional loss of income for me. I've provided a letter from her, Michele Lariviere, confirming these statements.

If I am not released soon, I will most likely walk out of prison without employment. I strongly believe that having employment waiting for me is one of the best things that I can offer as evidence that I will not reoffend and will not be a burden to anyone. I want to work. I want to support myself. I want to pay back the restitution that I owe. Losing these employment opportunities makes all of that harder, not easier.

In regards to restitution, I was ordered to pay $902,541.15. I take that obligation seriously. The people I owe deserve to be paid and I intend to pay them, however, I cannot do that in a meaningful way while I am incarcerated. The moment that I can begin working again, I am committed to begin making regular payments. Release is not relieving me of my obligation, rather it is the only way in which I can actually fulfill them.

If remanded to home confinement, I will be living with my parents, Sylvester and Susan Socha at 12 Skyview Drive in Ware, MA. I will have stable housing and will be surrounded by family and friends who care about me and support my well-being. I will also be able to continue with the therapy that I had been participating in bi-weekly prior to my surrender. This therapy has helped me to realize and work on remediating the depression which was a major contributing factor in the crime which I committed. I have no intention of doing anything that will bring me back to where I am now. In addition, I would be able to get back to the volunteer work that I had been doing in my community. These volunteer efforts had become an additional source of support for me and have allowed me to begin making a positive impact on my community.

At the time of my sentencing, you and the prosecutor agreed that I presented almost a zero risk of recidivism. I did not take that lightly and I have tried to prove it every day since. I mention it not to minimize my offense, but I strongly believe it is relevant to whether continued incarceration serves any protective purpose. Several other factors stand out from my sentencing day. The first was your mention regarding the numbers of character/support letters that I submitted. I believe that you stated that it was considerably more than you would

normally receive for a similar case. While the prosecutor indicated that she believed some of these could have been written because of my generosity towards the authors, that statement is categorically false. These are people who truly care about me, my well-being and my future. (I have not included copies of these letters at this time because I believe that they should still be in the file relating to my case.) To my knowledge, there is no proof to substantiate her claim and I believe it was said in an effort to taint my character. The second factor that stood out to me was your oral deliberation with yourself as to what my sentence should be. During this process you seemed to vacillate at to what should be done with me. Ultimately you decided that it would be unfair to those that had been sentenced prior to my appearance before you if I was not given some amount of incarceration. While I accepted your verdict, I can't help but wonder if there was anything that I could have done or said that would have made me stand out so that I wasn't lumped into the status quo.

In regards to my time incarcerated, I have tried to make the most of my time here, often reflecting on what brought me to this point, how much I have changed since my indictment and how I have continued to evolve during the ensuing process. I have not been a discipline problem and have respected the staff and my fellow inmates while trying to conduct myself in a manner that I can be proud of. I am working in the landscape department and my work has been recognized by my immediate supervisor and the CO of the department.

I've made a mistake and I am remorseful for it; I will be for the remainder of my life and will continually be trying to right the wrong. I am asking for a chance to go home, to go to work and pay what I owe. I do not want to waste the opportunities that are available to me at the current time and I feel that I can offer substantially more to my community than what my current incarceration provides. This has been a very costly lesson for me but one that has taught me so much about myself and the man that I should have been. In spite of everything, I feel that I am a much better person because of the consequences that my actions have laid upon me. I appreciate your review and consideration of this matter.

Respectfully submitted,

Brian Socha

Enclosures: Employment Letter from Michele Lariviere
Employment information from USPS